UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

**SYMETRA LIFE INSURANCE CO**　　　　　　　　**CASE NO. 1:21-cv-2366**

-vs-　　　　　　　　　　　　　　　　　　　　**JUDGE DRELL**

**FREDERICK SMITH ET AL**　　　　**MAGISTRATE JUDGE PEREZ-MONTES**

---

## MEMORANDUM RULING

Before the court is a Motion for Default Judgment filed by Plaintiff-in-Interpleader Symetra Life Insurance Company ("Symetra"), (Doc. 41). The motion is unopposed by Defendants-in-Interpleader, Rickey Smith, Jr., Rodriguez Washington, and Chicella Smith, in her capacity as Administrator of the Estate of Rickey Layne Smith, Sr. The time to file responses to the instant motion has passed. The Motion for Default Judgment is **GRANTED**, because (1) neither Rickey Smith, Jr. nor Rodriguez Washington have filed responsive pleadings as prescribed by Federal Rule of Civil Procedure 12 to Symetra's original or amended complaints; and (2) Chicella Smith, in her capacity as Administrator of the Estate of Rickey Layne Smith, Sr., failed to file a timely answer in response to Symetra's Second Amended Complaint-in-Interpleader.

**I.　BACKGROUND**

Factually, this case is relatively straightforward. Procedurally, however, this case winds and bends likes the mighty Mississippi River.

First, we turn to the factual basis for this interpleader action. On April 17, 2021, Rickey Layne Smith, Sr. ("Rickey Sr." or the "Insured")[1] died tragically in a motor vehicle accident. (Doc.

---

[1] Out of respect, this court typically refers to parties by their last names and tries to refrain from sole use of parties' first names. However, given that the Insured and three of the Defendants-in-

1

2-2). Rickey Sr. was insured by one of Symetra's group life insurance policies that provided basic life insurance benefits of $30,000 and accidental death and dismemberment benefits of $30,000 to eligible members. (Doc. 41-3). The Insured was an eligible member under this policy. (Docs. 41-3, 41-4). The Beneficiary Designation Form in Symetra's possession, dated June 1, 2020, listed Rickey Sr.'s brother, Frederick Smith ("Fred")[2], as Primary Beneficiary and Rickey Sr.'s son, Rickey Smith, Jr. ("Rickey Jr."), as Contingent Beneficiary. (Doc. 41-5). On June 5, 2021, Symetra received a Beneficiary Statement signed by Fred to claim his brother's death benefits. (Doc. 41-7). Some three weeks later, Chicella Smith ("Chicella"), the purported surviving spouse of Rickey Sr., sent a letter to Symetra contesting the authenticity of the signature affixed to the Beneficiary Designation Form attached to Rickey Sr.'s life insurance policy. (Doc. 2-6).

> The policy at issue provides in pertinent part:
>
> If no beneficiary is named, or if no named beneficiary survives [the insured], [Symetra] may, at [its] option, pay: 1) the executors or administrators of [the insured's] estate; 2) all to [the insured's] surviving Spouse [*sic*]; 3) if [the insured's] Spouse does not survive [him], in equal shares to [his] surviving children; or 4) if no child survives [him], in equal shares to [his] surviving parents.

(Doc. 41-3). Assuming Rickey Sr.'s signature is proven to be invalid, the above provision in the policy controls. Relevant here, Chicella is Rickey Sr.'s surviving spouse, and Rickey Jr. and Rodriguez Washington are Rickey Sr.'s surviving children. (Doc. 41-1). Between the Beneficiary Designation Form and Chicella's challenge to that document, Symetra could not factually or legally determine which party or parties were entitled to the death benefits payable under the

---

Interpleader share the same last name—Smith—where appropriate, we will refer to parties by their first names to ensure the reader does not drown in a sea of Smiths.
[2] The Beneficiary Designation Form contained in the record lists the Insured's brother as "Fred Smith," instead of his legal name, "Frederick Smith," which is contained in the caption of this record. (Doc. 41-5).

policy; it therefore filed an interpleader action with this court to determine the appropriate beneficiary/-ies. (Doc. 2).

Now, we will muddy our way through the procedural quagmire in which this case is steeped. Symetra filed a statutory interpleader action on August 6, 2021, pursuant to 28 U.S.C. § 1335, citing the minimal diversity of the adverse claimants and an amount in controversy exceeding $500. (Doc. 1). At the time of the original Complaint-in-Interpleader, Rickey Sr. died intestate, and no proceeding to open succession of his estate existed. The original suit named Frederick Smith, Rickey Smith, Jr., Rodriguez Washington, and Chicella Smith, all in their individual capacities. (Doc. 1).

Symetra twice amended its complaint, with the Second Amended Complaint-in-Interpleader, (Doc. 30), of most importance here. Upon learning that Rickey Sr.'s widow, Chicella, on order of the 10th Judicial District Court for the Parish of Natchitoches had been appointed Independent Administrator of Rickey Sr.'s Estate, Symetra amended its Complaint-in-Interpleader to name Chicella in both her individual capacity and in her capacity as Administrator. (Docs. 30, 41-10). On May 12, 2022, Symetra served the Second Amended Complaint-in-Interpleader on Chicella, in her official capacity as Administrator of the Estate of Rickey Sr.[3] (Doc. 35). On June 30, 2022, well beyond the 21 days provided under Rule 12 of the Federal Rules of Civil Procedure to furnish Symetra with an answer, this court granted Symetra's request for entry of default against

---

[3] In her individual capacity, Chicella waived service of Symetra's original complaint on October 21, 2021. Therefore, new summons need not be served for subsequent amendments personally served on her. However, since Chicella was named in her capacity as Administrator of the Estate of Rickey Smith, Sr., a new summons was issued with the Second Amended Complaint-in-Interpleader and executed in accordance with Federal Rule of Civil Procedure 4(e). (Docs. 34, 35).

Chicella in her capacity as Administrator. (Doc. 38). Chicella, in her individual capacity, however, filed an answer to the Second Amended Complaint-in-Interpleader on July 13, 2022. (Doc. 39).

Finally, Fred filed his answer to the Second Amended Complaint-in-Interpleader on March 24, 2022. (Doc. 32). The record does not reflect answers filed by either Rickey Jr. or Rodriguez. Their nonresponsiveness to Symetra's original and amended complaints-in-interpleader prompted the company to request that the Clerk of Court record entries of default against both Rickey Jr. and Rodriguez. (Docs. 21, 22). Notices mailed to the addresses on file for Rickey Jr. and Rodriguez, as well as to those addresses marked as "corrected," returned to the Clerk of Court's office as "undeliverable." (Docs. 26, 27, 31, 33, 40, 43). On August 8, 2022, Symetra filed the instant Motion for Default Judgment against Rickey Smith, Jr., Rodriguez Washington, and Chicella Smith, in her capacity as Administrator of the Estate of Rickey Layne Smith, Sr. (Doc. 41).

## II.   DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment against a defendant who has "failed to plead or otherwise defend." FED. R. CIV. P. 55(a). If it is established by affidavit or otherwise that a party has failed to plead or defend its case within the time set forth in Rule 12 of the Federal Rules of Civil Procedure, the clerk of court must enter the party's default. Id. Once the clerk enters a default, a court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. FED. R. CIV. P. 55(b)(2). See also New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (noting distinctions about "default" terminology and the procedural steps required to effect a default judgment under Rule 55). Additionally, under this Court's Local Rules, "[a] judgment of default shall not be entered until 14 calendar days after entry of default." LR 55.1(C).

The Fifth Circuit generally disfavors default judgments and admonishes its district courts to grant these motions only "when the adversary process has been halted because of an essentially nonresponsive party." Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998). But default judgment is not a matter of right, even if the defendant is technically in default. Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996). Therefore, an entry of default judgment rests squarely in the discretion of the district judge. Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977) (internal citation omitted). Among the factors a district court may consider when deciding whether to grant a default judgment are whether: (1) material issues of fact exist, (2) there has been substantial prejudice, (3) the grounds for default are clearly established, (4) the default was caused by a good faith mistake or excusable neglect, (5) the default judgment would be harsh, and (6) the court would think itself obliged to set aside the default on the defendant's motion. Lindsey, 161 F.3d at 893 (internal citation and quotation marks omitted).

## III.   ANALYSIS

For the reasons below, we find that the Motion for Default Judgment against Defendants-in-Interpleader Rickey Smith, Jr., Rodriguez Washington, and Chicella Smith, in her capacity as Administrator of the Estate of Rickey Smith, Sr. should be **GRANTED.**

> **a. Default judgments against Rickey Smith, Jr. and Rodriguez Washington are procedurally proper, because both Defendants-in-Interpleader have been nonresponsive, and defaults have been entered by the Clerk of Court.**

Defendants-in-Interpleader Rickey Smith, Jr. and Rodriguez Washington have filed no responsive pleadings to Symetra's original or amended complaints-in-interpleader. Procedurally, all steps to enter a default judgment have been met. First, both Rickey Jr. and Rodriguez failed to respond to Symetra's complaints after being personally served. (Docs. 17, 18). Second, the Clerk of Court properly entered defaults against the Defendants-in-Interpleader after the prescribed time

periods elapsed. (Docs. 23, 24). Finally, Symetra moved for default judgment—the motion before us. (Doc. 41).

We must note that even though the Clerk of Court issued notices advising Rickey Jr. and Rodriguez of the office's entries of default and those notices returned as "undeliverable" on multiple occasions, Symetra has demonstrated due diligence on its part to ascertain up-to-date mailing addresses for these Defendants-in-Interpleader. (Docs. 28, 41). Considering Symetra's efforts to notify Rickey Jr. and Rodriguez of the defaults and given that the grounds for default are otherwise clearly established, we do not find it appropriate to set aside the defaults entered against these Defendants-in-Interpleader. Therefore, Symetra's Motion for Default Judgment against Rickey Smith, Jr. and Rodriguez Washington will be **GRANTED**.

      b. **Default judgment against Chicella Smith, in her capacity as Administrator of the Estate of Rickey Layne Smith, Sr., is procedurally proper because she failed to file an answer to the Second Amended Complaint-in-Interpleader in that capacity, and a default has been entered by the Clerk of Court.**

Similarly, Chicella Smith, in her capacity as Administrator of Rickey Layne Smith, Sr.'s Estate, failed to file a timely answer to Symetra's Second Amended Complaint-in-Interpleader. The record indicates that default judgment is procedurally proper against her in this capacity as well. First, Chicella, as Administrator, filed no responsive pleadings to rebut claims alleged in Symetra's Second Amended Complaint-in-Interpleader, which was filed on March 3, 2022. (Doc. 30). The singular purpose behind Symetra's second amendment rested in the appointment of Chicella as Administrator of Rickey Sr.'s Estate and the insurance company's obligation to reflect accurately all Chicella's roles in the interpleader action. (Doc. 30). Second, the Clerk of Court properly entered a default against Chicella in her capacity as Administrator on June 30, 2022. (Doc. 38). Finally, Symetra properly moved for a default judgment more than one month later on August 8, 2022.

Interestingly, Chicella filed an answer to the Second Amended Complaint-in-Interpleader on July 13, 2022, exactly 13 calendar days after the Clerk entered a default against her in her capacity as Administrator. (Doc. 39). Chicella's answer, however, indicated that she was responding in her *individual* capacity and not in her capacity as Administrator of Rickey Sr.'s Estate. (Doc. 39). Had she filed an answer in her capacity as Administrator within the 14-day cooling off period between the Clerk's entry of a default and the ability of this court to issue a default judgment, we could have considered setting aside the default for "good cause." See FED. R. CIV. P. 55(c); see also Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000) (noting that "good cause" to set aside defaults may include considerations of (1) whether the default was willful, (2) whether setting aside the default would prejudice the adversary, (3) whether a meritorious defense is presented, and (4) whether the defendant acted expeditiously to correct the default (citing Matter of Dierschke, 975 F.2d 181, 184 (5th Cir. 1992) (internal quotation marks omitted)). In the absence of any responsive pleading from Chicella in her capacity as Administrator—late or otherwise—we will not forge ahead *sua sponte* on this path.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff-in-Interpleader Symetra's Motion for Default Judgment against Rickey Smith, Jr., Rodriguez Washington, and Chicella Smith, in her capacity as Administrator of the Estate of Rickey Layne Smith, Sr. is **GRANTED**. The court will issue a judgment in conformity with these findings.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 15 day of September 2022.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

7